IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDWARD C. HUGLER, | ) |
| ACTING SECRETARY OF LABOR, | ) |
| UNITED STATES DEPARTMENT OF LABOR, | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) NO. 2:17-cv-2192 |
| v. | ) |
| | ) |
| THOMAS J. HARDWICK | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Edward C. Hugler, Acting Secretary of Labor, United States Department

of Labor (the "Secretary"), alleges that:

This action arises under the Employee Retirement Income Security Act of 1974

("ERISA" or the "Act") as amended, 29 U.S.C. § 1001 et seq., and is brought by the

Secretary against Defendant Thomas J. Hardwick (Hardwick), an individual who was the

fiduciary of the Royal Tractor Company, Inc. 401(k) Profit Sharing Plan (the "401(k)

Plan") and the Royal Tractor Company, Inc. Group Health Plan (the "Health Plan"),

collectively referred to as the Plans. The Secretary brings this action to obtain all

appropriate relief in order to redress violations and to enforce the provisions of Title I of

ERISA.

## PARTIES

1.      Plaintiff is the Secretary of the United States Department of Labor, who

has authority to bring this civil action under ERISA §§ 502(a)(2) and (5), 29 U.S.C.

§ 1132(a)(2) and (5) to enjoin acts and practices which violate the provisions of Title I of

ERISA and to obtain appropriate relief for breaches of fiduciary duty under ERISA

section 409, 29 U.S.C. § 1109.

2.      At all times relevant to this action, Defendant Thomas J. Hardwick was

President of Royal Tractor Company, Inc. (Royal), a New Century, Kansas business that

manufactured heavy transport equipment, and operated within the State of Kansas.  The

company was sold in June 2016 by Defendant Hardwick, who was a named Trustee of the

401(k) Plan and *de facto* fiduciary of the Health Plan.

3.      At all times relevant to this action, Royal was the employer of the participants in

the Plans and was also the Plan Sponsor and the Plan Administrator of the Plans.

## JURISDICTION AND VENUE

4.      Jurisdiction over this action is conferred upon this Court by Section

502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

5.      Venue lies in the District of Kansas, pursuant to ERISA Section 502(e)(2),

29 U.S.C. § 1132(e)(2), where Defendant Hardwick resides, where the business that

sponsored the Plans operated, and where the Plans were administered.  Kansas City,

Kansas is the proper intradistrict assignment in this matter.

## THE 401(k) PLAN

6.      The Royal Tractor Company, Inc. 401(k) Plan is an employee benefit plan

within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3) and subject to coverage of

the Act under ERISA § 4(a), 29 U.S.C. § 1003(a).

7.    The 401(k) Plan is a defined contribution, 401(k) deferred compensation plan that was administered in Johnson County, Kansas.  The 401(k) Plan was established by Royal in 1988, as a deferred compensation plan that allowed an employee to elect to defer a portion of his or her compensation for contribution to 401(k) Plan accounts.  Investment selections were made through Principal, which is custodian of the 401(k) Plan assets.

8.    Defendant Hardwick owned and operated Royal as President of the company.  Defendant Hardwick was the named Trustee of the 401(k) Plan, as accepted and signed in the Trust Agreement of the 401(k) Plan dated December 31, 2009.

9.    At all times relevant herein, Defendant Hardwick, as named Trustee of the 401(k) Plan and as President and Owner of the sponsoring employer, was vested with and exercised discretionary authority or control respecting the management of the 401(k) Plan, or exercised authority or control respecting the management or disposition of the assets of the 401(k) Plan, or had discretionary authority or discretionary responsibility in the administration of the 401(k) Plan.  Therefore, Defendant Hardwick, at all times relevant herein, has been a fiduciary with respect to the 401(k) Plan pursuant to ERISA §§ 3(21)(A) (i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii).

10.    At varying times in 2009 through 2015, Defendant Hardwick withheld and failed to forward $ 463.00 in employee elective deferrals for contribution into two participant 401(k) Plan accounts at Principal.  Defendant Hardwick failed to segregate said withholdings from the general assets of the company and forward them to the 401(k) Plan.  Further, from 2009 through 2015, Defendant Hardwick failed to timely forward

$26,573.00 in participant payroll withholdings to the 401(k) Plan, causing $2,875.00 in

lost earnings to the 401(k) Plan participants.  The withheld amounts are assets of the

401(k) Plan pursuant to 29 C.F.R. § 2510.3-102, because such amounts were not

transferred to the 401(k) Plan on the earliest date that they could be reasonably

segregated, not later than the fifteenth business day of the month following the month in

which the amounts would otherwise have been payable to the participant in cash.

THE HEALTH PLAN

11.     The Royal Tractor Company, Inc. Group Health Plan is an employee

welfare benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3) and

subject to coverage of the Act under ERISA § 4(a), 29 U.S.C. § 1003(a).

12.     The Health Plan provided health benefits for the employees of Royal through

fully insured point of service contracts.  The Health Plan originally contracted with Coventry

Healthcare of Kansas, but that coverage ended in the fall of 2014 because of non-payment of

premiums.  Hardwick then contracted with Humana to provide health insurance coverage to

Royal employees beginning December 1, 2014.  Under the contract, employee participants

paid 35% of the total premiums and the company paid 65% of the premiums. Coverage lasted

only a month, as Humana cancelled the policy for non-payment of premiums.  Premiums

withheld from employee payroll were not forwarded for January 2015, causing cancellation

of coverage retroactive to December 31, 2014.

13.     Defendant Hardwick was the owner and officer of Royal, and he exercised

discretionary authority over Health Plan assets by withholding premiums from employee

pay each week for forwarding to the Health Plan to maintain health care coverage.

Defendant Hardwick was vested with and exercised discretionary authority or control

respecting the management of the Health Plan, or exercised authority or control

respecting the management or disposition of the assets of the Health Plan, or had

discretionary authority or discretionary responsibility in the administration of the Health

Plan.  Therefore, Defendant Hardwick, at all times relevant herein, has been functioning

as a fiduciary with respect to the Health Plan pursuant to ERISA §§ 3(21)(A) (i) and (iii),

29 U.S.C. §§ 1002(21)(A)(i) and (iii).

14.     During the period from January 1, 2015 through March 6, 2015, Defendant

Hardwick also withheld $9,149.20 from participant paychecks intended for payment of

the health insurance premiums to Humana.  Defendant Hardwick failed to segregate said

insurance withholdings from the general assets of the company and either forward the

withholdings to Humana or return the withholdings to participants. The withheld amounts

are assets of the Health Plan, pursuant to 29 C.F.R. § 2510.3-102.  The unremitted

premiums were Health Plan assets and represent losses to the Health Plan.

<u>PARTIES IN INTEREST</u>

15.     At all times relevant herein, Defendant Hardwick was President and

Owner of Royal and a fiduciary of the Plans.  Therefore, Defendant Hardwick is a party in

interest with respect to the Plans pursuant to ERISA §§ 3(14)((A) and (H), 29 U.S.C.

§§ 1002(14)(A) and (H).

16.     At all times relevant herein, Royal was an employer whose employees were covered by the 401(k) Plan and the Health Plan. Therefore, Defendant Royal is a party in interest with respect to the Plans pursuant to ERISA § 3(14)(C), 29 U.S.C. § 1002(14)(C).

## VIOLATIONS OF ERISA

17.     During the relevant time period herein, Defendant Hardwick failed to act to secure the transfer, or cause the transfer to the 401(k) Plan of $463.00 in withheld contributions.  The $463.00 was withheld from the wages of two employees of Royal as elective salary deferrals from 2009 through 2015.  Further, Defendant Hardwick also failed to timely remit another $26,573.00 in payroll withholdings to the 401(k) Plan from 2009 through 2015, causing $2,875.00 in lost earnings.   During this time period, Defendant Hardwick failed to take action to determine the assets of the 401(k) Plan, to assert control over the 401(k) Plan assets or to insure that the 401(k) Plan assets would be protected from losses.

18.     During pay periods from January 1, 2015, through March 6, 2015, Defendant Hardwick failed to act to secure the transfer, or cause the transfer to the Health Plan $9,149.20 in withheld insurance premiums described in paragraph 14, which were withheld from the wages of employees of Royal for payment to Humana.  The withholdings were Health Plan assets.  Defendant's failure to forward the payroll withholdings caused cancellation of health coverage and losses to the Health Plan.

19. By the conduct described in paragraphs 17 and 18 above, Defendant Hardwick:

(a)     failed to discharge his fiduciary duties with respect to the 401(k) Plan and to the Health Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

(b)     failed to discharge his fiduciary duties with respect to the 401(k) Plan and to the Health Plan with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C, § 1104(a)(1)(B).

(c)     caused the 401(k) Plan and the Health Plan to engage in transactions that he knew or should have known constituted direct or indirect transfers to, or use by or for the benefit of, a party in interest, of assets of the Plans, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

(d)     dealt with assets of the 401(k) Plan and the Health Plan in his own interest or for his own account, in violation of ERISA § 406(b)(1), 29 U.S.C. §1106(b)(1).

(e)     acted in transactions involving the 401(k) Plan and the Health Plan on behalf of a party whose interests were adverse to the interests of the Plans or of the Plans' participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

(f)    permitted the assets of the 401(k) Plan and the Health Plan to inure to the benefit of an employer in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

WHEREFORE, the Secretary prays that this Court:

1.    Order Defendant Hardwick to restore to the 401(k) Plan and the Health Plan all losses attributable to his fiduciary breaches, including foregone earnings to the date of judgment, and post-judgment interest;

2.    Permanently enjoin Defendant Hardwick from violating the provisions of Title I of ERISA;

3.    Award Plaintiff the costs of this action; and

4.    Provide such further relief as is just and equitable.

Nicholas C. Geale
Acting Solicitor of Labor

Christine Z. Heri
Regional Solicitor
Illinois Bar No. 6204656

H. Alice Jacks
Associate Regional Solicitor
Missouri Bar No. 24482

s/ Traci E. Martin
Traci E. Martin
Attorney
KS Bar No. 24284

Susan J. Willer  (*pro hac vice*)
Attorney
Oklahoma Bar No. 017798

Attorneys for Plaintiff, U.S. Secretary of Labor

Office of the Solicitor
Two Pershing Square
Suite 1020
2300 Main Street
Kansas City, MO 64108
Telephone: (816) 285-7260
Fax:  (816) 285-7287
E-mail: martin.traci.e@dol.gov
E-mail: willer.susan@dol.gov