IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

R. ALEXANDER ACOSTA[1], )
SECRETARY OF LABOR, )
UNITED STATES DEPARTMENT OF LABOR, )
                 Plaintiff, ) CIVIL ACTION
                  ) NO. 2:17-cv-2192-JWL
v. )
                  )
THOMAS J. HARDWICK )
                 Defendant. )

## CONSENT JUDGMENT

Plaintiff has filed his Complaint, and Defendant, Thomas J. Hardwick, has admitted the allegations related to the Royal Tractor Royal Tractor Company, Inc. 401(k) Plan (the 401k Plan) and the Royal Tractor Company, Inc. Group Health Plan (the Health Plan) in the Complaint and has agreed to the entry of this Judgment without contest.

Defendant, Thomas J. Hardwick, admits that this Court has jurisdiction over the parties and that this Court has jurisdiction of this action pursuant to ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies with the United States District Court for the District of Kansas, pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

The parties have agreed that this Consent Judgment shall fully settle all claims of the Secretary asserted against Defendant in the Complaint related to the 401(k) Plan and the Health Plan.

---

[1] This action was commenced in the name of Acting Secretary of Labor, Edward C. Hugler, who is no longer the Acting Secretary of Labor following the appointment of R. Alexander Acosta as Secretary of Labor. Therefore, Mr. Acosta is being automatically substituted for Mr. Hugler as the Plaintiff, pursuant to FED. R. CIV.P. 25(d), and the caption of this action is amended accordingly.

The parties have agreed to entry of this Consent Judgment. It is, therefore, upon motion of counsel for Plaintiff, and this Court having jurisdiction over the parties to this Consent Judgment, and this Court being empowered to provide the relief described herein, and for cause shown:

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

1. Defendant Thomas J. Hardwick violated Sections 403, 404, and 406 of the Employee Retirement Income Security Act (ERISA) of 1974, as amended, 29 U.S.C. §§ 1103, 1104, and 1106, by his failure to remit $463.00 in employee contributions to the 401(k) Plan at varying times from 2009-2015 and by failing to timely remit employee contributions to the 401(k) Plan at varying times from 2009-2015, causing $2,875.00 in lost earnings.

2. Defendant Thomas J. Hardwick also violated Sections 403, 404, and 406 of the ERISA, 29 U.S.C. §§ 1103, 1104, and 1106, by his failure to remit $9,149.20 withheld from participant paychecks intended for payment of the health insurance premiums under the Health Plan for pay periods in January 1, 2015 through March 6, 2015, after the Health Plan was cancelled.

3. The amounts owed to the 401(k) Plan and to the Health Plan were pre-petition debts in the Chapter 7 Bankruptcy proceeding of Defendant Thomas J. Hardwick in the United States Bankruptcy Court for the District of Kansas, Case No. 17-20518. Defendant Hardwick was the Debtor in that case. Defendant Hardwick was granted a discharge of pre-petition debts, including the claims asserted by the Secretary for the amounts owed to the 401(k) Plan and to the Health Plan, by order of the Bankruptcy Court on July 5, 2017. Defendant's Bankruptcy case was closed on July 10, 2017.

4. As a result of his fiduciary breaches, Defendant Thomas J. Hardwick is permanently enjoined and restrained from violating the provisions of ERISA Sections 403, 404, and 406, 29 U.S.C. § 1103, 1104, and 1106.

5. Nothing in this Judgment is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

6. Each party shall bear his or her own attorneys' fees, costs and other expenses incurred by such party to date in connection with any stage of the above-referenced proceeding including, but not limited to, attorneys' fees, costs and other expenses which may be available under the Equal Access to Justice Act, as amended.

7. This Consent Judgment represents a full, final and complete judicial resolution of all claims alleged in the Secretary's Complaint. The parties to this Consent Judgment expressly waive any and all claims of any nature which each may have against the other, or any of their officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint, or based on the Equal Access to Justice Act, as amended.

8. This Court shall retain jurisdiction over this action and the parties hereto as may be necessary to enforce the provisions of this Consent Judgment.

9. By signing their names to this Consent Judgment, the parties hereto represent that they are informed and understand the effect and purpose of this Consent Judgment.

The Court directs the entry of this Consent Judgment as a final Order.

Dated this 24th day of ___October___, 2017.

___s/ John W. Lungstrum___
JOHN W. LUNGSTRUM
United States District Judge

Entry of this judgment is hereby consented to:

**For Defendant, Thomas J. Hardwick**

_____  Date: *Oct 16, 2017*
Thomas J. Hardwick
Defendant, *pro se*

**For Plaintiff, the Secretary of Labor**

Nicholas C. Geale
Acting Solicitor of Labor

Christine Z. Heri
Regional Solicitor
Illinois Bar No. 6204656

H. Alice Jacks
Associate Regional Solicitor
Missouri Bar No. 24482

_____  Date: 10-23-17
Traci E. Martin
Attorney
KS Bar No. 24284

_____  Date: 10-23-2017
Susan J. Willer
Attorney *pro hac vice*
Oklahoma Bar No. 017798

Attorneys for Plaintiff, U.S. Secretary of Labor
Office of the Solicitor
Two Pershing Square
2300 Main Street, Suite 1020
Kansas City, MO 64108
Telephone: (816) 285-7260
E-mail: martin.traci.e@dol.gov
E-mail: willer.susan@dol.gov
U.S. Department of Labor
Attorneys for Plaintiff

4

I'm sorry for the delay getting this to you. I had been out of work since he end of June and I've been searching for a job up until a few weeks ago. Since starting back to work I've been in truing classes. Anyway attached is the consent order.
Thank you.
Thomas Hardwcik